FILED by ___ D.C.
ELECTRONIC

**Feb. 26, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

LOWELL GANNON ,

     Plaintiff,

                            CASE NO.:

vs.                     **09-60302-Civ-COHN/SELTZER**

I.C. SYSTEM, INC.

     Defendant.

_____/
_____

## IN THE COUNTY COURT OF
## BROWARD COUNTY, FLORIDA
## CIVIL DIVISION

LOWELL GANNON           **CASE NO.: 09001408**
                            **DIVISION:**

     Plaintiff,

vs.

I.C. SYSTEM, INC.
     Defendant.
_____/

### PETITION FOR REMOVAL

**TO:** The Honorable Judges of the United States District Court for the Southern District of Florida

NOW COMES Defendant and Petitioner for removal, I.C. SYSTEM, INC., and with reservation of all rights, hereby removes from the County Court for Sarasota County, Florida, the proceeding entitled and captioned: <u>Gannon v I.C. System, Inc.</u>, Case No. **09001408**, on the basis of federal question jurisdiction.

The Petition is based on the following grounds:

1.  Defendant/Petitioner, has been named as a Defendant in a civil action brought against it in the County Court in and for Broward County Florida, <u>Gannon v I.C. System, Inc.</u>, Case No. **09001408**. A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant/Petitioner, are attached hereto as Composite Exhibit "A".

2.  The aforesaid action was commenced by service of process consisting of the Summons and Complaint, upon the Defendant/Petitioner on January 20, 2009.

3.  The controversy herein between the Plaintiff and Defendant/Petitioner is a controversy based upon consumer protection rights created by and enforced through federal statute, 15 U.S.C. 1692a, *et seq.*, entitled the Fair Debt Collection Practices Act.

4.  The above-described action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331, and is one that may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of 28 U.S.C. §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction.

5.  This Petition for Removal is filed with this Court within thirty (30) days after service on Defendant/Petitioner of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

WHEREFORE, Defendant prays that the above entitled action be removed from the County Court in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, for all further proceedings.

Respectfully submitted by:

_____
Dale T. Golden, Esq.
Florida Bar No.: 094080
GOLDEN & SCAZ, PLLC
2124 W. KENNEDY BLVD., SUITE A
Tampa, FL 33606
Telephone No.: 813-251-5500
Facsimile:       813-251-3675
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Adam R. Barnett, Esq., Adam R. Barnett & Associates, P.A., 517 South West 1st Avenue, Fort Lauderdale, FL 33301, on this 23rd day of February, 2009.

By: _____
Dale T. Golden, Esquire
Florida Bar No.: 094080

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF BROWARD, STATE OF FLORIDA

LOWELL GANNON,

   Plaintiff,

v.

IC SYSTEM, INC.,

   Defendant.

*Complaint was filed on Jan. 30, 09*

CASE NO:

JUDGE:   0 9 0 0 1 4 0 8

MARTIN R. DISHOWITZ

51

**A TRUE COPY**

## CONSUMER PROTECTION COMPLAINT

COMES NOW the Plaintiff, LOWELL GANNON, by and through the undersigned counsel, and sues the Defendant, IC SYSTEM, INC. In support of said complaint for money damages, the Plaintiff avers the following:

1.)   That this is an action for equitable relief in the form of an injunction.

2.)   That this is an action for damages that does not exceed $5,000.00, exclusive of attorney's fees and court costs.

3.) That at all times material hereto, and at all times material to the incidents alleged, the Plaintiff was a resident of Broward County, Florida.

4.) That at all times material hereto, and at all times material to the incidents alleged, the Defendant was, and continues to remain, a corporation organized and existing under the laws of the state of Florida, having its principal office at P.O. Box 64378, 444 Highway 96 East, St. Paul,

MN 55164-0378, and was a "debt collector" as defined by section 559.55(6), Florida Statute, and 15 U.S.C. 1692(a)(6). As such, venue is proper within this Court.

5.) That prior to June, 2008 and continuing through the present, the Defendant repeatedly contacted the Plaintiff reference an alleged debt in the amount of $391.00 that was allegedly due and owing Hulett Environmental Services.

6.) That beginning in June, 2008 and continuing through the present, the Plaintiff entered disputes with the Equifax, Experian and Trans Union consumer reporting agencies disputing the ownership and/or accuracy of said entry as reported by the Defendant.

7.) That on the 18th day of June, 2008 the Plaintiff caused to be forwarded a "Cease and Desist" letter to the Defendant reference IC System account number 4244234433 as reported by the Equifax, Experian and Trans Union consumer reporting agencies. Said letter, posted by certified mail return receipt number 7008 0150 0002 8885 7223, was delivered to the Defendant on the 19th day of June, 2008.

8.) That on the 9th day of July, 2008 the Defendant caused to be forwarded a substantiation and demand for payment in the amount of $391.00 to the Plaintiff notwithstanding his express prior demand to "Cease and Desist" all contact.

### COUNT I – VIOLATION OF FLORIDA STATUTE 559.72
### (FLORIDA CONSUMER COLLECTION PRACTICES ACT)

9.) That the Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 8, as though more fully set forth herein, and further states:

10.)   That this is an action arising out of the Defendant's continued violations of the Florida Consumer Collection Practices Act as codified under section 559, Florida Statute.

11.)   That in attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of Florida Statute, section 559.72, by willfully engaging in conduct which can be reasonably expected to abuse or harass the Plaintiff; to wit, collector is attempting to collect a debt on an account after a Cease and Desist letter was received in a letter dated June 18, 2008.

12.)   That in attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of Florida Statute, section 559.72, by attempting and threatening to enforce the alleged debt when the Defendant knew that the debt was not legitimate.

13.)   That in attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of Florida Statute, section 559.72, by willfully engaging in conduct which can be reasonably expected to abuse or harass the Plaintiff; to wit, deliberately re-aging the alleged debt for credit scoring purposes in an effort to secure collection thereof.

14.)   That in attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of Florida Statute, section 559.72, by willfully engaging in conduct which can be reasonably expected to abuse or harass the Plaintiff; to wit, collector is not licensed to collect debts in the state of Florida.

15.)   That as a direct and proximate result of the Defendant's violation of Florida Statute, section 559.72, Plaintiff is entitled to recover actual damages together with punitive damages.

16.) That the Plaintiff has retained the undersigned attorney in the prosecution of this action and is obligated to pay him reasonable attorney's fees. Attorney's fees are recoverable pursuant to Florida Statute, section 559.77.

WHEREFORE, the Plaintiff, LOWELL GANNON, demands judgment against the Defendant, IC SYSTEM, INC., and for compensatory damages and punitive damages within the jurisdiction of this Honorable Court, exclusive of attorney's fees, which are prayed for in addition thereto. Plaintiff further demands a trial by jury on all issues so triable.

### COUNT II – VIOLATION OF 15 USC 1692 ET. SEQ.
### (FAIR DEBT COLLECTION PRACTICES ACT)

17.) That the Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 15, as though more fully set forth herein, and further states:

18.) That this is an action arising out of the Defendant's continued violations of the Fair Debt Collection Practices Act, as set for in 15 USC 1692 et seq.

19.) That in attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act by engaging in conduct the natural consequences of was to harass, oppress, or abuse the Plaintiff in connection with the collection of the alleged debt; to wit, Defendant violated the command order of the Plaintiff's cease and desist demand dated the 18th day of June, 2008 by responding on the 09th day of July, 2008 providing an alleged substantiation and demand for payment in the amount of $391.00. Said substantiation and demand for payment was for reasons

other than those enumerated within section 806 (C) (1)-(3) of the Fair Debt Collection Practices Act.

20.) That the foregoing acts and omissions of the Defendant, as further described within the instant complaint, constitute violations of the Fair Debt Collection Practices Act, including but not limited to each and every of the above-cited provisions of 15 USC 1692 et seq.

21.) That as a direct and proximate result of the Defendant's violation of the Fair Debt Collection Practices Act, Plaintiff has suffered out-of-pocket expenses as well as other actual damages and is therefore entitled to an award of actual damages pursuant to 15 USC 1692k(a)(1); statutory damages in an amount not to exceed $1,000.00 per violation pursuant to 15 USC 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 USC 1692k(a)(3) from the Defendant.

WHEREFORE, the Plaintiff, LOWELL GANNON, demands judgment against the Defendant, IC SYSTEM, INC., and for compensatory damages and punitive damages within the jurisdiction of this Honorable Court, exclusive of attorney's fees, which are prayed for in addition thereto. Plaintiff further demands a trial by jury on all issues so triable.

## COUNT III – VIOLATION OF 15 USC 1681 ET. SEQ.
### (FAIR CREDIT REPORTING ACT)

22.) That the Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 20, as though more fully set forth herein, and further states:

23.) That this is an action arising out of the Defendant's continued violations of the Fair Credit Reporting Act, as set for in 15 USC 1681 et seq.

24.) That at all times material hereto, and at all times relevant to the incidents alleged, the Defendant, regularly and in the ordinary course of its business, furnished information to one or more consumer reporting agency about its transactions or experiences with alleged debtors, including but not limited to the Plaintiff

25.) That in attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although the Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, the Defendant was notified on the 18th day of June, 2008 that information regarding the alleged debt was disputed by the Plaintiff, but the Defendant failed to properly indicate that fact in each consumer report that included the disputed information. By failing to properly notify a consumer reporting agency on the disputed nature of the alleged debt, the Defendant violated the Fair Credit Reporting Act to the extent that the Plaintiff has suffered a declination of credit, goods, benefits, services and/or employment due to a depreciation of credit score.

26.) That the foregoing acts and omissions of the Defendant, as further described within the instant complaint, constitute violations of the Fair Credit Reporting Act, including but not limited to each and every of the above-cited provisions of 15 USC 1681 et seq.

27.) That as a direct and proximate result of the Defendant's violation of the Fair Credit Reporting Act, Plaintiff has suffered out-of-pocket expenses as well as other actual damages and is therefore entitled to an award of actual damages pursuant to 15 USC 1681n; statutory damages in an amount not to exceed $1,000.00 per violation pursuant to 15 USC 1681n (1); and

reasonable attorney's fees and costs pursuant to 15 USC 1681n from the Defendant. In addition, and in the alternative, relief shall prevail for negligent non-compliance of the Fair Credit Reporting Act pursuant to 15 USC 1681o.

WHEREFORE, the Plaintiff, LOWELL GANNON, demands judgment against the Defendant, IC SYSTEM, INC., and for compensatory damages and punitive damages within the jurisdiction of this Honorable Court, exclusive of attorney's fees, which are prayed for in addition thereto. Plaintiff further demands a trial by jury on all issues so triable.

## COUNT IV – VIOLATION OF 15 USC 1681 ET. SEQ.
### (FAIR CREDIT REPORTING ACT)

28.) That the Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 25, as though more fully set forth herein, and further states:

29.) That this is an action arising out of the Defendant's continued violations of the Fair Credit Reporting Act, as set for in 15 USC 1681 et seq.

30.) That at all times material hereto, and at all times relevant to the incidents alleged, the Defendant, regularly and in the ordinary course of its business, furnished information to one or more consumer reporting agency about its transactions or experiences with alleged debtors, including but not limited to the Plaintiff.

31.) That in attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although the Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit,

the Defendant improperly re-aged the creditor account from June, 2007 until September, 2007 thereby allowing said alleged debt to remain on Plaintiff's consumer credit profile in excess of the seven year reporting period permissible under the Fair Credit Reporting Act. By failing to properly notify a consumer reporting agency as to the actual "date of last activity" of the alleged debt, the Defendant violated the Fair Credit Reporting Act to the extent that the Plaintiff has suffered a declination of credit, goods, benefits, services and/or employment due to a depreciation of credit score.

32.) That the foregoing acts and omissions of the Defendant, as further described within the instant complaint, constitute violations of the Fair Credit Reporting Act, including but not limited to each and every of the above-cited provisions of 15 USC 1681 et seq.

33.) That as a direct and proximate result of the Defendant's violation of the Fair Credit Reporting Act, Plaintiff has suffered out-of-pocket expenses as well as other actual damages and is therefore entitled to an award of actual damages pursuant to 15 USC 1681n; statutory damages in an amount not to exceed $1,000.00 per violation pursuant to 15 USC 1681n (1); and reasonable attorney's fees and costs pursuant to 15 USC 1681n from the Defendant. In addition, and in the alternative, relief shall prevail for negligent non-compliance of the Fair Credit Reporting Act pursuant to 15 USC 1681o.


WHEREFORE, the Plaintiff, LOWELL GANNON, demands judgment against the Defendant, IC SYSTEM, INC., and for compensatory damages and punitive damages within the jurisdiction of this Honorable Court, exclusive of attorney's fees, which are prayed for in addition thereto. Plaintiff further demands a trial by jury on all issues so triable.

## COUNT V – CLAIM FOR PERMANENT INJUNCTIVE RELIEF

34.) That the Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 31, as though more fully set forth herein, and further states:

35.) That this is an action for injunctive relief that is brought pursuant to section 559.77, Florida Statute. Pursuant to said section, the Court may enjoin the Defendant from committing further violations of section 559.72.

36.) That there is a substantial likelihood of irreparable harm if the Defendant's conduct is not enjoined because it would allow the Defendant to continue an attempt to collect the aforementioned alleged debt from the Plaintiff and continue to damage the Plaintiff's good name and reputation within the community by and through a reduced credit score.

37.) That the Plaintiff has no adequate remedy at law to prevent further violations of section 559.72, Florida Statute.

38.) That there is a substantial likelihood of success on the merits, and this injunction will best serve the public interest.

39.) That the Plaintiff has retained the undersigned attorney in the prosecution of this action and is obligated to pay him reasonable attorney's fees. Attorney's fees are recoverable pursuant to Florida Statute, section 559.77.

WHEREFORE, the Plaintiff, LOWELL GANNON, demands judgment against the Defendant, IC SYSTEM, INC., permanently enjoining said Defendant from any further collection of the aforementioned alleged debt, or violations of section 559.72, Florida Statute,

exclusive of attorney's fees, which are prayed for in addition thereto. Plaintiff further demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, LOWELL GANNON, by and through the undersigned counsel, demands judgment against the Defendant, IC SYSTEM, INC., consistent with the allegations set forth above in addition to all other relief deemed fair and equitable.

RESPECFULLY SUBMITTED,

Adam R. Barnett, Esq.
Adam R. Barnett & Associates, P.A.
Counsel for Plaintiff – FBN: 35286
517 South West 1st Avenue
Fort Lauderdale, FL 33301-2803
Phone: (954) 763-2203
Fax: (954) 524-4169

**09-60302-Civ-COHN/SELTZER**

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

ELECTRONIC

**Feb. 26, 2009**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

LOWELL GANNON

## DEFENDANTS

I.C. SYSTEM, INC.

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Adam R. Barnett & Associates, P.A.
517 South West 1st Avenue
Fort Lauderdale, Florida 33301   09cv60302-JK/BSS

Attorneys (If Known)

Dale Golden, Esq., 2124 W. Kennedy Blvd., Ste. A. Tampa, FL
33606

**(d)** Check County Where Action Arose:   ☐ MIAMI- DADE   ☐ MONROE   ☒ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE
HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine    Safety/Health |  |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product    **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 370 Other Fraud |  | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability    Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment / ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Re-filed-
(see VI below)

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions
second page):

a) Re-filed Case ☐ YES ☒ NO      b) Related Cases ☐ YES ☐ NO

JUDGE                                    DOCKET
NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Fair Debt Collection Practices Act          15 USC 1692a

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   2/23/09

FOR OFFICE USE ONLY

AMOUNT  350.00      RECEIPT # 545573