**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 09-60302-CIV-COHN/SELTZER

LOWELL GANNON
      Plaintiff
v.

I.C. SYSTEMS, INC.
      Defendant.
_____/

**PLAINTIFF's MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND PRODCUTION**

COMES NOW, the Plaintiff/Consumer, **LOWELL GANNON**, by and through his undersigned attorney and files this his Motion to Compel pursuant to F.R.C.P. 37 and as grounds therefore would state:

**BACKGROUND**

1. Plaintiff served discovery requests upon the Defendant pursuant to F.R.C.P. 33 and 34 in a timely manner.

2. Defendant responded to Plaintiff's discovery requests and objected to certain interrogatories and requests for production. (Exhibit A & B attached hereto)

3. Plaintiff seeks answers to the discovery as the requests are relevant and likely to lead to admissible evidence on the remaining issue in this case, whether or not the Defendant, as a furnisher of information, met the requirements of Section 1681s-2(b) to conduct a reasonable investigation of the disputed information and modify, delete or block information that is incomplete or inaccurate.

**ARGUMENT**

4. The Defendant's objections of "vague, overly broad and unduly burdensome" are non-specific, boilerplate and do not comply with Local Rule 26.1 G 3 (a). *Josephs v. Harris Corp*. 677 F.2d. 985, 992 (3rd Cir 1982).

5.   The Defendant's objection of "not reasonably calculated to lead to admissible evidence" is also non-specific, boilerplate and does not comply with Local Rule 26.1 G 3 (a) as it does not state why the information sought will not reasonably lead to admissible evidence. *Josephs v. Harris Corp*. 677 F.2d. 985, 992 (3rd Cir 1982).

6.   The undersigned counsel certifies that she has made a good faith effort to resolve the objections with opposing counsel prior to seeking court intervention to no avail.

WHEREFORE, the Plaintiff, LOWELL GANNON, respectfully request that the Defendants objections be overruled and that the Defendant be ordered to provide meaningful answers to the outstanding, award sanctions and that the court grant any other relief it deems necessary and proper.

Respectfully Submitted:

/s/ *Brenda Di Ioia*
**BRENDA Di IOIA P.A.**
4301 S Flamingo Road
Ste 103-151
Davie, FL 33330
Tel: 954-353-2300
Fax: 954-206-0688
bdpalaw@att.net
***Attorneys for the Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2009, I filed the foregoing document with the Clerk of the Court. I also certify that the forgoing document is being served on this day to counsel of record, CHARLES MCHALE, ESQ. GOLDEN & SCAZ, PLLC, 2124 W Kennedy Blvd, Ste A, Tampa, FL 33606 either via transmission of Notice of Electronic Filing generated by CM/ECF or in some authorized manner for those who cannot receive electronic filings.

/s/ *Brenda Di Ioia*
**BRENDA Di IOIA P.A.**
FBN: 0813757

# EXHIBIT A
## INTERROGATORIES

    3. Please list the date(s) upon which the Defendant received any notice of dispute or other notice, of any type, stating that any information disseminated, sold, printed, held, maintained, used and/or prepared by you concerning the Plaintiff/Consumer, was inaccurate, disputed and/or resulting from fraud. With respect to each notification, please identify the person receiving such notice(s) on your behalf, identify the person(s) providing such notice(s) to you, explain and describe the nature of the notification, and describe and explain the results of such actions(s).

    "**Defendant objects to this Interrogatory on grounds that it is vague and unintelligible. Moreover, Defendant objects to this Interrogatory on grounds that it is not reasonable calculated to lead to the discovery of admissible evidence.**"

    (a)   Identify each document published, produced or circulated within your organization relating to the preparation, assembly, disclosure, reinvestigation, publication, correction, revision, auditing, scoring, or maintenance of consumer reports.

    "**Defendant objects to this Interrogatory on grounds that it is vague and unintelligible. Moreover, Defendant objects to this Interrogatory on grounds that it is not reasonable calculated to lead to the discovery of admissible evidence.**"

    (b)   Identify the proper business name, main address, and subscriber number of each of your subscribers who received a copy of Plaintiff's consumer report containing the information, which is disputed as inaccurate in this case from 1/1/06 to present.

    "**Defendant objects to this Interrogatory on grounds that it is vague and unintelligible. Moreover, Defendant objects to this Interrogatory on grounds that it is not reasonable calculated to lead to the discovery of admissible evidence.**"

# EXHIBIT B
## REQUEST FOR PRODUCTION

4.  All interoffice communications concerning, relating to, or pertaining to the Plaintiff.

**"Objection. This Request is overly broad, harassing, creates an undue burden on Defendant, and is no reasonably calculated to lead to the discovery of admissible evidence."**

6.  A copy of any and all documents, which you allege, creates an obligation to you concerning the Plaintiff's debt.

**"Objection. This Request is overly broad, harassing, creates an undue burden on Defendant, and is no reasonably calculated to lead to the discovery of admissible evidence."**