UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60302-CIV-COHN/SELTZER

LOWELL GANNON,

     Plaintiff,

vs.


I.C. SYSTEMS, INC.,

     Defendant.

_____/

ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Answers to Interrogatories and Prodcution [sic] and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part as more fully set forth below.

Plaintiff brought this action alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) *et seq.* ("FDCPA"), the Fair Credit Reporting Act," 15 U.S.C. §1681 *et seq.* ("FCRA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559 ("FCCPA").  On July 13, 2009, the District Court granted in part Defendant's Motion for Summary Judgment (DE 21), which left only one claim for determination.  In its July 13, 2009 Order, the District Court held that genuine issues of material fact exist as to Plaintiff's claim (Count III) that Defendant (a third-party debt collector) failed to report accurate information as required by 15 U.S.C. §1681s-2(b).  The District Court explained what Plaintiff will need to prove to prevail on this claim:

> Plaintiff will need to prove that Defendant received a dispute from a consumer reporting agency and then reported the debt without any mention of a dispute so as to make the information misleading in such a way and to such an extent that it can be expected to have an adverse effect on Plaintiff's credit report or credit score.  In order to recover anything more than actual damages and attorney's fees, Plaintiff will also have to prove a willful violation of this section.  15 U.S.C. §§ 1681n and 1681o.

Order Granting in Part Defendant's Motion for Summary Judgment at 11 (DE 21).

Plaintiff served on Defendant interrogatories and a request for production, and Defendant responded to these discovery requests.   Plaintiff now moves this Court to overrule Defendant's objections to certain of the interrogatories and requests for production.  He argues that the information and documents sought are relevant or likely to lead to admissible evidence on the remaining issue in this case – "whether or not the Defendant, as furnisher of information, met the requirements of Section 1681s-2(b) to conduct a reasonable investigation of the disputed information and modify, delete or block information that is incomplete or inaccurate."  Motion at 1 (DE 25).  Defendant has responded to Plaintiff's Motion to Compel (DE 29), and Plaintiff has replied thereto (DE 30).  This Court will now, in turn, address each discovery request at issue.

Interrogatories

> 3.     Please list the date(s) upon which the Defendant received any notice of dispute or other notice of any type, stating that any information disseminated, sold, printed, held maintained, used and/or prepared by you concerning the Plaintiff/Consumer, was inaccurate, disputed and/or resulting from fraud.  With respect to each notification, please identify the person(s) providing such notice(s) to you, explain and describe the nature of the notification, and describe and explain the result(s) of such actions(s) [sic].

2

[3](a)   Identify each document published, produced or circulated within your organization relating to the preparation, assembly, disclosure, reinvestigation, publication, correction, revision, auditing, scoring, or maintenance of consumer reports.

[3](b)   Identify the proper business name, main address, and subscriber number of each of your subscribers who received a copy of Plaintiff's consumer report containing the information, which is disputed as inaccurrate in this case from 1/1/06 to present.

Defendant objected to each of these interrogatories on the grounds that they are "vague and unintelligible" and that they are "not reasonably calculated to lead to admissible evidence."   And in response to Plaintiff's Motion to Compel, Defendant contends that it cannot discern what information Plaintiff seeks through Interrogatory 3. It additionally argues that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as to the sole remaining issue that Plaintiff will need to prove – whether "Defendant received a dispute from a consumer reporting agency and then reported the debt without any mention of a dispute so as to make the information misleading in such away and to such an extent that it can be expected to have an adverse effect on Plaintiff's credit report or credit score."   Response at 3 (DE 29).

Although the Court agrees that Interrogatory 3 could have been more artfully worded, in his reply, Plaintiff did clarify the information he seeks:  "Plaintiff is requesting the dates, type of notification(s), and results of these and/or any other notifications." Plaintiff additionally argues that the information sought by this interrogatory "is central to the furnisher's duty to conduct a reasonable investigation with respect to the disputed information and the duty to, if the information is found to be inaccurate or incomplete,

3

report that result to all [credit reporting agencies]."  Reply at 3 (DE 30).

The Court agrees that the information sought (as clarified by Plaintiff) is relevant or likely to lead to the discovery of admissible evidence.  Accordingly, in response to Interrogatory 3, the Court will require Defendant to identify all notifications received (whether from consumer reporting agencies, Plaintiff, or others) that the debt at issue in this litigation was inaccurate, disputed, or resulted from fraud.  For each such notification, Defendant shall identify the person or entity from which it was received, the investigation, if any, that was undertaken in response to the notification, and the actions, if any, that were taken to notify the credit reporting agencies as to the results of its investigation.  Further, if it found that the information was inaccurate or incomplete, Defendant shall identify the actions, if any, that it took to report such inaccuracy to the credit reporting agencies.

With respect to Interrogatory 3(a), Defendant contends that it is "vague and unintelligible" because it seeks information relating to the "preparation, assembly . . . or maintenance of **consumer reports**," as consumer reports are created and produced by the credit reporting agencies.  Id. (emphasis in original).  Additionally, Defendant argues Interrogatory 3(a) does not seek any information relevant to the sole remaining issue. Finally, Defendant contends that it does not have any documentation relating to consumer reports since it does not create, maintain, or produce them.

Plaintiff replies that Defendant's explanation is disingenuous. According to Plaintiff, Interrogatory 3(a) seeks information relating to Defendant's duty to report the results of its investigation to the credit reporting agencies and its duty to correct any erroneous or incomplete information reported to them.  Plaintiff additionally argues that the information

sought is relevant to Defendant's bona fide error defense based upon having reasonable procedures in place relating to investigating and correcting the information it supplies to the credit reporting agencies.

The Court agrees that the inclusion of the terms "preparation," "assembly," "publication," "scoring," and "maintenance" of consumer reports renders Interrogatory 3(a) confusing, as it is the credit reporting agencies that perform these functions with respect to consumer reports. However, this interrogatory also requests identification of documents relating to the "disclosure, reinvestigation" and "correction" of consumer reports – activities that Defendant may have performed. The Court finds that such information is relevant and/or reasonably calculated to lead to admissible evidence with respect to Plaintiff's sole remaining claim and to Defendant's bona fide error affirmative defense. However, the Court finds that Interrogatory 3(a) is overbroad in that it requests the identification of <u>all documents</u> relating to the "disclosure," "reinvestigation," and "correction" of consumer reports. As written, this interrogatory would require Defendant to identify every responsive document as to every account or debt that Defendant is hired to collect. The Court, therefore, will limit Interrogatory 3(a) to the identification of documents relating to the "disclosure," "reinvestigation," and "correction" of consumer reports pertaining to Plaintiff. The Court will additionally require Defendant to identify the routine procedures it has in place to investigate and correct information it provides to the credit reporting agencies.

With respect to Interrogatory 3(b), Defendant first argues that it is "vague and unintelligible" because Plaintiff failed to define the terms "subscriber" and "subscriber number" as related to Defendant. Defendant next contends that it does not have any

"subscribers" who received a copy of Plaintiff's consumer report.  Moreover, Defendant

states it "would not disseminate Plaintiff's consumer report" as it does not control Plaintiff's

consumer report; consumer reports are created and produced by credit reporting agencies.

Finally, Plaintiff argues that the information sought is not relevant or likely to lead to

admissible evidence as to the sole remaining issue.

Plaintiff replies that assuming Defendant's arguments are true, Defendant's

objections are misplaced; rather than objecting, Defendant should have simply responded:

"None, as we do not provide copies of consumer's report to anyone."  Response at 4 (DE

30).  The Court agrees that Defendant should have so stated in its initial answer; doing so

would have saved the parties time and expense and would have conserved the Court's

resources.  Nonetheless, the Court accepts Defendant's representation and, accordingly,

will deny the instant Motion with respect to Interrogatory 3(b). The Court, however, will

require Defendant to amend its answer to this interrogatory to indicate that it does not

possess any responsive information.

Requests to Produce

> 4.     All interoffice communications concerning, relating to,
> or pertaining to the Plaintiff.
>
> 6.     A copy of any and all documents, which you allege,
> creates an obligation to you concerning the Plaintiff's debt.

Defendant objected to both of these Requests on the ground that they are "overly

broad, harrassing, create[ ] an undue burden" and that they are not "reasonably calculated

to lead to the discovery of admissible evidence."

In response to Plaintiff's Motion, Defendant argues that Interrogatory 4 is overbroad

in that it "does not designate or explain [for] what purpose such interoffice communications would be used." Response 5 (DE 29). Additionally, Defendant argues that the documents sought are not relevant or calculated to lead to admissible evidence relating to the sole remaining issue.

With respect to Request 6, Defendant argues that Request 6 is vague and overbroad on its face. Defendant states it "fails to discern from whom any obligation would arise and to what respect any 'obligation' would arise." Response at 6 (DE 29). Defendant additionally argues that the documents sought are not relevant or calculated to lead to admissible evidence relating to the sole remaining issue.

Notwithstanding these objections and arguments, Defendant represents that it does not possess any documents responsive either to Request 4 or to Request 6. It states that it will serve an Amended Response to Requests 4 and 6 to reflect this representation. Accordingly, the Motion as to Requests 4 and 6 is DENIED. The Court, however, again notes that Defendant could have saved the parties time and expense and could have conserved the Court's resources had it simply indicated in its initial responses that it has no responsive documents.

<u>ORDER</u>

Based on the foregoing, it is hereby ORDERED as follows:

1.      On or before September 2, 2009, Defendant shall answer Interrogatory 3 (as limited by the Court). More specifically, Defendant shall identify all notifications received (whether from consumer reporting agencies, Plaintiff, or others) that the debt at issue in this litigation was inaccurate, disputed, or resulted from fraud. For each such notification,

Defendant shall identify the person or entity from which it was received, the investigation, if any, that was undertaken in response to the notification, and the actions, if any, that were taken to notify the credit reporting agencies as to the results of its investigation.  Further, and Defendant found that the information was inaccurate or incomplete, it shall identify the actions, if any, that it took to report such inaccuracy to the credit reporting agencies.

2.      On or before September 2, 2009, Defendant shall answer Interrogatory 3(a) (as limited by the Court).  More specifically, Defendant shall identify all documents relating to the  "disclosure," "reinvestigation," and "correction" of consumer reports pertaining to Plaintiff.  Defendant shall additionally identify the routine procedures it has in place to investigate and correct the information it provides to the credit reporting agencies.

3.      On or before September 2, 2009, Defendant shall serve on Plaintiff amended responses to Interrogatory 3(b) and Requests for Production 4 and 6 to indicate that it does not have any responsive information or document in its possession, custody, and/or control.

DONE AND ORDERED in Fort Lauderdale, Florida, this 25th day of August 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record