UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60302-CIV-COHN

LOWELL GANNON,

Magistrate Judge Seltzer

Plaintiff,

vs.

IC SYSTEMS, INC.,

Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Defendant's (second) Motion for

Summary Judgment [DE 23], Plaintiff's Motion to Strike Motion for Summary Judgment

[DE 24], Plaintiff's Motion for Extension of Time [DE 26], Defendant's Motion in Limine

[DE 35], Plaintiff's Motion to Strike Defendant's Witness Sue Johnson [DE 36], and

Plaintiff's Motion in Limine [DE 37].  The Court has carefully considered the motions,

responses and replies, and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff Lowell Gannon ("Plaintiff") filed this action against IC Systems

("Defendant") for alleged violations of the Florida Consumer Collection Practices Act

("FCCPA"), § 559.72, the federal Fair Debt Collection Practices Act ("FDCPA"), and the

federal Fair Credit Reporting Act ("FCRA").   Following a period of discovery,

Defendant moved for summary judgment on all claims.  The Court granted the motion

as to all claims except Plaintiff's claim in Count III that Defendant failed to report

accurate information pursuant to §1681s-2(b) (FCRA).[1]   Defendant has now filed a

second motion for summary judgment on this claim.  Plaintiff has moved to strike this

_____

[1]  The Court hereby incorporates by reference the Background section and
Summary Judgment Standard section of the Court's Order dated July 13, 2009 [DE 21].

motion, as well as one of Defendant's witnesses.

## II.  DISCUSSION

### A.  Motion for Summary Judgment

Defendant now moves for final summary judgment on the remaining claim. Plaintiff has moved to strike this motion as a successive motion for summary judgment filed without leave of Court.  In response to the motion to strike, Defendant simply states that "Defendant . . . determined that it best served its interests, as well as the interests of judicial economy, to file a subsequent motion seeking final summary judgment as to the remaining issue in the case."  Defendant's Response at p. 2 [DE 32].  Defendant argues that Plaintiff has not claimed prejudice, though Plaintiff does assert that Defendant could have raised its arguments in its initial motion.[2]  Though Defendant's motion has some procedural deficiencies, the Court will deny Plaintiff's motion to strike and proceed to the merits of Defendant's motion.

On the remaining claim in Count III, the Court ruled that: "Plaintiff will need to prove that Defendant received a dispute from a consumer reporting agency and then reported the debt without any mention of a dispute so as to make the information misleading in such a way and to such an extent that it can be expected to have an adverse effect on Plaintiff's credit report or credit score."  Order Granting in Part Defendant's Motion for Summary Judgment at p. 11 [DE 21].  In its new motion, Defendant relies upon the second Declaration of Sue Johnson, Director of Legal Affairs for Defendant, who states that IC Systems' computer system was updated to reflect that

---

[2]  The Court does not find that Defendant has not run afoul of the Local Rule against splitting summary judgment motions to avoid the page limitation.  Defendant's first motion was eleven pages, while the second motion is just five pages.  Plaintiff argues that Defendant has failed to include a Statement of Undisputed Facts with the second motion.

Plaintiff disputed the debt.  Declaration of Sue Johnson, ¶¶ 7-9 [DE 23-2].  In addition, Johnson avers that any credit reporting after June 29, 2007 would "automatically include[d] information that Plaintiff disputed the debt." Id., ¶ 10.   Johnson states that after receiving Automated Credit Dispute Verification Forms (ACDV) from the consumer reporting agencies over the following few months, Defendant's responses to those ACDV's would have continued to include that the account was disputed.  Id., ¶ 13.

Plaintiff has submitted his own declaration in opposition to this motion, similar to the one relied upon by the Court in his opposition to the first motion for summary judgment.  Relevant to the sole remaining claim, Plaintiff states that he has reviewed many of his personal credit reports and they do not contain a statement noticing that the I.C. Systems account is disputed.   Declaration of Lowell Gannon, ¶ 14 [DE 28-2].

In reply, Defendant raises for the first time the issue of admissibility of Plaintiff's testimony and credit reports on grounds of hearsay and authenticity.  The Court will not strike Plaintiff's affidavit on this ground, as it appears that credit reports could qualify as a business record exception to the hearsay rule.  See Fed. R. Evid. 803(6).   Plaintiff will need to prove authenticity and the business record exception at trial.[3]  The Court therefore denies Defendant's motion and reaches the same conclusion as in its prior Order that disputed issues of material fact exist as to Count III.

## B. Plaintiff's Motion to Strike Witness

Plaintiff moves to strike Defendant's witness Sue Johnson because she lacks personal knowledge regarding entry of the account notes regarding Plaintiff's account in Defendant's computer system.  Plaintiff alleges that her testimony is at odds with the actual account notes, and, a jury could mistakenly assume that Ms. Johnson herself

---

[3]  These issues are properly raised by Defendant in its Motion in Limine [DE 35], which the Court will hear at Calendar Call on Thursday, September 24, 2009.

entered the notes.  In response, Defendant argues that Ms. Johnson will be testifying as the records custodian for the account notes, which are admissible as business records under Fed. R. Evid. 803(6).

In reply, Plaintiff argues (for the first time) that because Defendant is relying upon computer generated records, it must authenticate the records with someone with knowledge of how the computer software operates, tests used to assure accuracy and reliability, and procedures regarding how the data was inputted in the first place. Plaintiff asserts that the affidavits submitted to date by Ms. Johnson do not show that she has this knowledge.

The Court concludes that the motion to strike should be denied without prejudice to renewal at the time of Ms. Johnson's testimony.  Much of the arguments contained in the initial motion to strike bear more on the issue of the weight or credibility of Ms. Johnson's testimony, rather than its admissibility.  As to the issues raised for the first time in reply, the Court will decide those issues at trial.

III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant's (second) Motion for Summary Judgment [DE 23] is hereby **DENIED**;

2.    Plaintiff's Motion to Strike Motion for Summary Judgment [DE 24] is hereby **DENIED**;

3.    Plaintiff's Motion for Extension of Time [DE 26] is hereby **DENIED** as moot;

4.    Plaintiff's Motion to Strike Defendant's Witness Sue Johnson [DE 36] is hereby **DENIED**;

5.    Defendant's Motion in Limine [DE 35] and Plaintiff's Motion in Limine [DE 37]

shall be heard at Calendar Call on September 24, 2009 at 9:00am;

6.      The Court advises the parties that this case is the only case remaining on the

Calendar Call and will be called to trial commencing Tuesday, September 29,

2009 at 9:00am;

7.      The parties have failed to file a Joint Pretrial Stipulation by the deadline of

September 21, 2009, set in the Scheduling Order entered on March 19, 2009 [DE

13].  The parties shall immediately confer as to the filing of the joint pretrial

stipulation and explain to the Court at Calendar Call why the stipulation was not

timely filed.

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 23rd day of September, 2009.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF