UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60302-CIV-COHN

LOWELL GANNON,

Magistrate Judge Seltzer

Plaintiff,

vs.

IC SYSTEMS, INC.,

Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE

**THIS CAUSE** is before the Court upon Defendant's Motion in Limine [DE 35],

Plaintiff's Response thereto [DE 45] and the argument of counsel at yesterday's

hearing.  The Court has carefully considered the matter and is otherwise fully advised

in the premises.

As noted in prior Orders in this case,[1] Plaintiff's remaining claim under the Fair

Credit Reporting Act requires a showing that Defendant failed to report accurate

information to a consumer reporting agency pursuant to 15 U.S.C. §1681s-2(b).   In

particular, Plaintiff alleges that Defendant failed to report his account as disputed to the

consumer reporting agencies (i.e "credit bureaus").

Defendant filed a motion in limine which seeks to exclude Plaintiff's credit

reports from evidence on the grounds that they are hearsay and are not self-

authenticating.  Plaintiff asserts that the credit reports are business records admissible

pursuant to Fed. R. Evid. 803(6).  However, Plaintiff has not listed as a witness a

---

[1] See docket entries 21 and 43.

records custodian from the consumer reporting agency to lay the foundation pursuant to Rule 803(6) and to authenticate the document.

Defendant cites to district court decisions from other jurisdictions for the proposition that absent testimony from the entity either creating the credit report or furnishing the information, a plaintiff does not meet the Rule 803(6) requirements for admitting hearsay evidence.  Cruz v. MRC Receivables Corp., 563 F.Supp.2d 1092, 1095 (N.D. Cal. 2008); Baker v. Capital One Bank, 2006 U.S. Dist. Lexis 2625, *13 (D.Ariz. January 24, 2006).  In support of admissibility, Plaintiff asserts that because the information allegedly missing from the credit report came from Defendant, the credit report can be admissible.  Plaintiff relies upon a 1969 Kansas decision that does not mention the Fair Credit Reporting Act, but concludes that although the general rule would be against admissibility, "where the third person or one sought to be bound supplies the information upon which the report was made. . . the report may be admissible against him."  Philip Van Heusen, Inc. v. Korn, 460 P.2d 549 (Kan. 1969). Defendant's position is that it in fact reported the account as disputed but that for no fault of its own, the credit report did not contain the information.

Although Plaintiff correctly lists several elements of Rule 803(6) (document must have been prepared in the normal course of business at the time of the event by a person with knowledge and kept in the regular course of business), the Rule also requires these elements to be "shown by the testimony of the custodian or other

2

qualified witness, or by certification that complies with Rule 902(11), Rule 902(12),[2] or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Plaintiff is not the custodian of the information and is not qualified to testify regarding the procedures for compilation and creation of the information on the report. Elizarraras v. Bank of El Paso, 631 F.3d 366, 374 n.24 (5th Cir. 1980)[3] ("qualified witness must be one with knowledge of the declarant's business"). The fact that Plaintiff can verify his name and Social Security number on the document might allow Plaintiff to authenticate the document as pertaining to him, but the business record hearsay exception requires that its elements be shown by the testimony of the custodian or other qualified witness. The trustworthiness prong of Rule 803(6) "is not met when the party authenticating the records can provide no testimony regarding 'the origination and compilation of the documents' or 'about the initial link in the chain producing the record.'" United States v. Henry, 307 Fed.Appx. 331, 336 (11th Cir. 2009) (quoting United States v. Petrie, 302 F.3d 1280, 1288 (11th Cir. 2002)).

     The Court's own research into the admissibility of credit reports under the

---

[2] Fed. R. Evid. 901(11) and 901(12) require a written declaration of its custodian or other qualified person, and must be made sufficiently in advance of trial to allow the objecting party a fair opportunity to challenge them. Plaintiff could have complied with this light burden by seeking such a declaration from the consumer reporting agency that created the credit report in question.

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

business record exception reveals that such reports are admissible when there is testimony from someone at the credit bureau with knowledge of how the reports are compiled.  See United States v. DeFrisco, 441 F.2d 137, 140 (5th Cir. 1971) (cases cited therein).  The Court therefore concludes that the Defendant's motion in limine is granted in that the credit report is not admissible.

Defendant also moves to exclude testimony regarding damages to Plaintiff's credit rating.  While Defendant is correct that this testimony is not relevant to Defendant's liability, it is relevant for showing of actual damages, which Plaintiff can recover under the FCRA.  Thus, the motion in limine is denied as to this evidence.

Finally, Defendant moves to exclude evidence related to any other claims originally brought in this action but for which summary judgment was granted to Defendant.  Plaintiff does not oppose this part of the motion.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.   Defendant's Motion in Limine [DE 35] is hereby **GRANTED in part** and **DENIED in part**, as described above;

2.   This case remains on for a jury commencing 10:00am on Wednesday, September 30, 2009.  The Court notes that it will call 22 potential jurors, of which 8 will be seated as the jury.  No alternates will be selected, and all jurors remaining at the end will deliberate.  Each side will have 10 minutes to voir dire the jurors after the Court has conducted its voir dire.  Each side will have 3

4

peremptory challenges, and backstriking is not permitted.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 25th day of September, 2009.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF